NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| JESUS N. CASTILLO, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 05-640-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CHARLES E. SAMUELS, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Jesus N. Castillo, an individual currently incarcerated in the Federal Correctional Center in Manchester, Kentucky ("FCI- Manchester"), has filed a *pro se* petition for writ of habeas corpus [Record No. 1]. He has also paid the $5.00 filing fee [Record No.4]. This matter currently pending for initial screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

NAMED RESPONDENT

The Petitioner has named Charles E. Samuels, the warden of FCI-Manchester, and the United States of America as the Respondent in this proceeding. As Charles E. Samuels is the Petitioner's custodian, he is the only properly named Respondent to this action.

CLAIMS

The Petitioner argues that, because numerous errors occurred during his criminal trial, his sentence was rendered in violation of the Due Process Clause of the Fifth Amendment of the United States Constitution. He further alleges that he received ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution.

ALLEGATIONS OF THE PETITION

1. Criminal Conviction, Appeal, and §2255 Motion

On July 11, 1996, a jury in the United States District Court for the Southern District of Florida at Ft. Lauderdale ("the Trial Court") convicted the Petitioner, a physician, of various mail fraud offenses under 18 U.S.C. §1341.F, related to illegal Medicare and Medicaid practices. On December 12, 1996, the Petitioner was sentenced him to serve 168 months in prison, plus three years of supervised release. The Eleventh Circuit affirmed this conviction. *See United States v. Castillo*, 146 F.3d 870 (Table) (11th Cir. (Fla.) June 1, 1998).

The Petitioner acknowledges that he failed to file a timely motion in the Trial Court to vacate his sentence pursuant to 28 U.S.C. §2255. The docket sheet from the Trial Court reflects that the Petitioner did not file that motion until November 13, 2002: over four years after his criminal convictions were affirmed. The Petitioner states that in February, 2003, the Trial Court

denied the §2255 motion.[1] The Petitioner then appealed the denial of the §2255 motion to the Eleventh Circuit, which affirmed the Trial Court. *See Jesus N. Castillo v. United States*, 138 Fed. Appx. 301 (Table) (11th Cir. (Fla.) November 23, 2004), *rehearing and rehearing en banc denied*, 138 Fed. Appx. 301 (11th Cir. (Fla.) March 22, 2005). The Petitioner asserts that, because his §2255 motion was untimely, "there has been no collateral review of his [Petitioner's] conviction or sentence." [Record No. 1, Memorandum, p. 4]

### 2. Petitioner's Legal Argument

The Petitioner has filed a thirty-two page Memorandum of Law in support of his §2241 petition.[Record No. 1] He also filed a nine-page "Supplemental Memorandum of Law." [Record No. 8] In his §2241 petition, the Petitioner essentially reargues the legal issues and factual disputes he states that he raised in his direct appeal. The Petitioner challenges numerous aspects of his criminal conviction and argues that he was denied due process of law during his criminal trial. In summary, he challenges: (1) the sufficiency and credibility of the government's witnesses and evidence produced at trial; (2) the tactics the government prosecutors employed at trial; (3) evidentiary rulings of the Trial Court; (4) the Trial Court's rulings on jury instructions; and (5) the fact that his trial counsel failed to take various actions on his behalf, both at trial and during the appeal process. He states that he is actually innocent of the crimes of which he was convicted. However, for the following reasons, the petition fails to state a claim upon which relief can be granted, and must be dismissed.

---

[1] The docket sheet from the trial court indicates that the §2255 motion was denied on June 23, 2003.

## DISCUSSION

### 1. §2255 Remedy Not Inadequate

First, relief under §2241 is not appropriate where, as here, the Petitioner had an opportunity to present his Fifth and Sixth Amendment challenges to his criminal conviction to the trial court under 28 U.S.C. §2255, but failed to do so in the time prescribed by statute. *Charles v. Chandler*, 180 F.3d 753, 757-58 (6th Cir. 1999). The law of this circuit, as discussed in *Charles*, is well established: the remedy available to a petitioner under §2255 is not rendered ineffective or inadequate simply because the trial court either denied him relief or because the petitioner failed to seek relief in a timely manner. *Charles*, 180 F.3d at 756-58. The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. *Id*. at 758.

### 2. "Actual Innocence" Claim Without Merit

Second, even if this Court were to consider the merits of the Petitioner's actual innocence arguments, he would not prevail. In *Bousley v. United States*, 523 U.S. 614, 623 (1998), the Supreme Court explained that, "to establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623. The Court continued, stating, "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . ." *Id.* at 623-24.

Case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of the underlying offense charged in the indictment. *See Hernandez-*

*Escarsega v. Morris*, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (distinguishing claims of legal innocence from claims of actual, or factual innocence); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001) ("[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law"); *Whitener v. Snyder*, 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. 2001) (same).

The Petitioner states that he raised ten separate grounds of error in his direct appeal of his criminal conviction, most of which he reiterates in his current §2241 petition. Apparently, these claims were without merit, as the Eleventh Circuit affirmed his conviction. *See United States v. Castillo*, 146 F.3d 870 (Table). Thus, the Petitioner's claim that he was "actually innocent" of these offenses is without merit. As noted, a §2241 petition is not an additional, alternative, or supplemental remedy to that prescribed under §2255. *Charles*, 180 F.3d at 758.

## CONCLUSION

For the reasons discussed herein, it is **ORDERED** as follows:

(1) The Petitioner's "Motion to Stay" [Record No. 3] is **DENIED** as moot.

(2) The §2241 petition for habeas corpus [Record No. 1] and supplemental §2241 petition [Record No. 8] are **DENIED**, and this action is **DISMISSED**, with prejudice, *sua sponte,* from the docket.

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 1st day of February, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge